IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JAMES STUDENSKY, CHAPTER 7 TRUSTEE FOR LITTLE ROVER HEALTHCARE HOLDINGS, LLC, *et al.*, <br> *Plaintiff,* <br><br> v. <br><br> UNITED HEALTHCARE INSURANCE COMPANY, UNITED HEALTHCARE OF TEXAS, INC., UNITED HEALTHCARE BENEFITS OF TEXAS, INC., UNITED HEALTHCARE COMMUNITY PLAN OF TEXAS L.L.C., *et al.*, <br> *Defendants.* | § § § § § § § § § § § § § § § §   6:20-MC-00930-ADA |

## ORDER DENYING DEFENDANT UNITED'S MOTION TO WITHDRAW THE REFERENCE

Before the Court is Defendant United's Motion to Withdraw the Reference (ECF No. 1), Plaintiff James Studensky's Response in Opposition (ECF No. 3), and Defendant's Reply Brief to Plaintiff's Response (ECF No. 4). After consideration of these pleadings and applicable law, the Court hereby **DENIES** Defendant's Motion to Withdraw the Reference.

### I. BACKGROUND

Since 2014, United and Rockdale Blackhawk, LLC d/b/a Little River Healthcare ("Little River") were parties to a Facility Participation Agreement ("Agreement"). ECF No. 1, pg. 4. Little River operated healthcare facilities in rural Texas, and the Agreement obligated United to pay Little River a percentage of billed charges for services Little River provided to United's plan members at the designated facilities. *Id*. United would later investigate an alleged arrangement between Little River and OMS/True Health, as United suspected that Little River was submitting

1

false claims for payment under the Agreement. *Id* at 6. Shortly after, United stopped paying Little River for covered services and began demanding money from Little River in relation to the alleged false claims for payment. ECF No. 3, pg. 8.

Little River and other affiliates (collectively, "Debtors") filed for Chapter 11 Bankruptcy protection on July 24, 2018. United Healthcare Insurance Company, United Healthcare of Texas, Inc., UnitedHealthcare Benefits of Texas, Inc., UnitedHealthcare Community of Texas, L.L.C., and all entities that are affiliates and identified as defendants in these proceedings (collectively, "United") filed proofs of claim for $39,418,692.14 ("POCs") against the bankruptcy estates of Little River Healthcare Holdings, LLC on November 1, 2018. ECF No. 3, pg. 10. These POCs were based on allegations of Breach of Contract, Tortious Interference with Contract, and Fraud and Negligent Misrepresentation. *Id*. On December 7, 2018, the Bankruptcy Court converted the Debtor's cases to Chapter 7 proceedings and appointed James Studensky to be the Trustee (the "Trustee") of the Little River's bankruptcy estate shortly thereafter. *Id*. On August 24, 2020, the Trustee commenced this adversary proceeding in the Bankruptcy Court by filing an Adversary Complaint against United. *Id*. United filed its Motion to Withdraw on October 7, 2020. *Id*. Trustee filed its First Amended Adversary Complaint (the "Complaint") on November 4, 2020. *Id* at 11. Trustee Responded in Opposition to the Motion to Withdraw on November 5, 2020, and United Replied on November 12, 2020. *Id* at 11.

**II. Discussion**

Under 28 U.S.C. § 157(d), "the district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." While the statute does not define "cause shown," the Fifth Circuit has explained that the decision "must be based on a sound, articulated foundation." *Holland Am. Ins. Co. v.*

*Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985). The Fifth Circuit further provided factors that a district court should consider under this analysis, including whether (1) the underlying lawsuit is a non-core proceeding; (2) uniformity in bankruptcy administration will be promoted; (3) forum shopping and confusion will be reduced; (4) economical use of debtors' and creditors' resources will be fostered; (5) the bankruptcy process will be expedited; and (6) a party has demanded a jury trial. *Id* at 999.

*1. "Core" vs. "Non-Core" Proceeding*

"Core" proceedings are those "that arise in a bankruptcy case or under Title 11." *Stern v. Marshall*, 564 U.S. 462 (2011). Furthermore, a bankruptcy court has constitutional authority to adjudicate counterclaims against a creditor if "any of the [claims] would have necessarily been resolved in the claims-allowance process." *In re Frazin*, 712 F.3d 313, 320 (5th Cir. 2013). For proceedings determined to be "non-core," the bankruptcy court should issue proposed findings of fact and conclusions of law to be reviewed de novo by the district court. *See In re EbaseOne Corp.*, No. 01-31527-H4-7, 2006 WL 2405732, at *2 (Bankr. S.D. Tex. June 14, 2006).

Count I

United argues that Count I of Trustee's Complaint differs from the corollary POC allegations by distinguishing between "paid" and "unpaid" claims. ECF No. 1, pg. 13. Conversely, Trustee argues that Count I of its Complaint and the first cause of action in the POCs both hinge on the finding of whether United was required to pay for covered services provided by Little River. ECF No. 3, pg. 15. The Court agrees with the Trustee.

In support of its argument under this factor, United cites to *Mandel v. Jones*, No. 4:12-CV-87, 2016 WL 4943366 (E.D. Tex. Sept. 16, 2016) where the Court concluded that the Bankruptcy Court did not have authority to adjudicate debtor's restitution counterclaims.

However, *Mandel* does not apply here as it involved different dealings involving various properties. *Id* at *2. Here, the claims asserted by both the Trustee and United exclusively involve payments made under the same Agreement. Conversely, Trustee cites to a number of cases involving facts more similar to the facts of this case, where courts concluded that the relevant claims were "core." ECF No. 3, pg. 16. As a result, the Court finds that Trustee's Breach of Contract claim under Count I constitutes a "core" proceeding.

## Count II

In Count II, Trustee claims that United failed to provide statutorily required written notice of its intent to recoup overpayments and an opportunity to appeal per Tex. Ins. Code § 843.350. ECF No. 1, pg. 15. While Trustee is correct in asserting that Count II largely hinges on interpretation of the Agreement (ECF No. 3, pg. 17), the Court agrees with United in that the factual determinations regarding notice required to recover under these allegations are not required to resolve the POCs. ECF No. 1, pg. 16. As a result, the Court finds that Count II is "non-core."

## Count III

In Count III, Trustee alleges that United violated the Texas Prompt Pay statutes, Tex. Ins. Code §§ 843.336 and 1301.101. ECF No. 1, pg. 18. United argues that Count III is "non-core" because the court would have to determine certain elements not required in adjudicating the POCs, including the amount of each insurance claim, when it should have been paid, and the appropriate penalty. ECF No. 1, pg. 18. Trustee challenges this by again asserting that these allegations hinge on determining whether the Agreement was breached. ECF No. 3, pg. 17. As additional support, Trustee cites to *In re DBSI, Inc.*, 466 B.R. 664 (D. Del. 2012), where the

Court found that state statutory claims to be "core" proceedings as they were intertwined with the administration of the estate and claim process. ECF No. 3, pg. 18.

The Court finds Count III to be a "core proceeding." While United provides no caselaw to support its argument, the Court agrees with Trustee in that the facts in *In re DBSI, Inc.* are sufficiently similar to the facts here. As a result, the Court concludes that Count III is a "core proceeding."

Count IV

In Count IV of the Adversary Complaint, Trustee asserts that United engaged in unfair claim settlement practices by not timely paying Little River's claims in violation of Tex. Ins. Code § 542.058. ECF No. 1, pg. 18. United argues that this cause of action is "non-core" by again distinguishing between "claims paid" and "claims that United allegedly failed to reimburse." ECF No. 1, pg. 19. Having already addressed this distinction in previous Counts, the Court does not find this argument persuasive. United further asserts that additional findings required under various provisions of the Texas Insurance Code renders this cause of action as a "non-core" proceeding. Trustee counters by citing to its arguments previously made. ECF No. 3, pg. 18.

The Court finds that this cause of action is a "core proceeding." As previously explained, the Court does not find United's distinction between "paid" and "unpaid" claims persuasive. Nor does it find the required findings under the Texas Insurance Code identified by United to be persuasive either. We agree with Trustee in that this cause of action, like the ones before, ultimately hinges on the determination of whether the Agreement was breached or not. The Agreement includes a provision requiring compliance with state law. Consequently, the findings required under the Texas Insurance Code identified by United will be relevant to findings made

5

regarding the Agreement's obligations. In sum, the provisions identified by United require findings incidental to the primary task of determining whether the Agreement was breached. Thus, the Court finds Count IV to be a "core" proceeding.

Counts V-VII

In Count V, Trustee asserts business disparagement by alleging that United made false and disparaging claims about Little River's billing practices. ECF No. 1, pg. 23. Trustee further alleges tortious interference of contract in Count VI, and asserts a common law claim for unfair competition in Count VII. For all three counts, United argues that even if its POCs were disallowed, the Court would not have adjudicated elements for each of the Trustee's causes of action, and provides a long list of factual findings required for each to support its argument that these allegations are "non-core." ECF No. 1, pgs. 24-26. ECF No. 1, pg. 24. For all three Counts, Trustee counters by arguing that this cause of action "mirrors" United's fraudulent and negligent misrepresentation allegations. ECF No. 3, pg. 19. Because of this, Trustee argues, both causes of action turn on the determination of whether Little River committed fraud and that therefore the Trustee's cause of action is a "core" proceeding. *Id*.

The Court finds that all three causes of action are "non-core" proceedings. As United correctly points out in its Reply Brief, the only case Trustee cites to in support of its argument is a decision predating the Supreme Court decision controlling this factor, *Stern v. Marshall*, 564 U.S. 462 (2011). ECF No. 5, pg. 4. Additionally, while the determination of fraud will influence both Trustee's and United's allegations, the additional findings highlighted by United that would be required under Trustee's causes of action are beyond the scope of the bankruptcy proceeding. Consequently, the Court finds that Counts V, VI, and VII are "non-core" proceedings.

Count VIII

In Count VIII, Trustee seeks exemplary damages. ECF No. 1, pg. 27. United argues that this proceeding is "core" because the requested damages stem from the same set of facts underlying the POCs. ECF No. 3, pg. 21. United, conversely, cites to language from *Stern* implicitly designating the finding of punitive damages as "non-core" proceedings. ECF No. 1, pg. 27. Because the *Stern* decision is the highest authority regarding this factor, the Court agrees with United and finds that Count VIII is a "non-core" proceeding.

Count IX

In Count IX, Trustee seeks a declaratory judgment in connection with the conduct alleged in Counts I-VIII. The Court finds Count IX to be "core" only to the extent the Court has found the previously discussed Counts to be "core."

*2. Uniformity in Bankruptcy Administration*

In support of this factor favoring withdrawal, United cites to *In re EbaseOne Corp.*, No. 01-31527-H4-7, 2006 WL 2405732 (Bankr. S.D. Tex. June 14, 2006). The Court in that case concluded that this factor favored withdrawal as the Bankruptcy Court was not "intimately familiar with the underlying facts, the parties, and the remaining issue." *Id*, at *4. Here, such circumstances do not exist because the Bankruptcy Court has overseen Little River's bankruptcy since July of 2018, and has become familiar with the facts underlying this adversary proceeding as it issued rulings regarding the arbitration between Little River and Blue Cross Blue Shield of Texas. ECF No. 3, pg. 25. Consequently, the Court finds that this factor weighs against withdrawing the reference.

*3. Forum Shopping*

This factor weighs against withdrawing the reference. "A bankruptcy judge can manage the pretrial issues with the potential for de novo review in the district court. And if a jury trial becomes necessary, a party can then move to withdraw the case at that time." *City Bank v. Compass Bank*, 2011 WL 5442092, at *6 (W.D. Tex. Nov. 9, 2011). United correctly observes that the bankruptcy judge has yet to issue any substantive rulings relating to this adversary proceeding, this does not change the fact that the Bankruptcy Court has nevertheless overseen and issued rulings on other matters relevant to this proceeding for over two years. ECF No. 3, pg. 27. As a result, "if a jury trial becomes necessary, a party can then move to withdraw the case at that time." *City Bank*, at *6. While United does not consent to a jury trial conducted before the Bankruptcy Court, the Court nevertheless, as United concedes, has discretion to delay withdrawal to allow the Bankruptcy Court to preside over all pre-trial matters. ECF No. 1, pg. 11; *In re Guynes Printing Co. of Texas, Inc.*, No. 15-CV-149-KC, 2015 WL 3824070, at *3 (W.D. Tex. June, 19, 2015).

*4. Efficient Use of Debtor's and Creditor's Resources*

United argues that this factor favors withdrawal by citing to *In re MPF Holding US LLC*, No. 08–36084–H4–11, 2013 WL 12146958, at *3 (S.D. Tex. Apr. 26, 2013), where the Houston Court concluded that this factor favored withdrawal in that case after previously determining the Bankruptcy Court was not familiar with the underlying facts. United additionally cites to *In re EbaseOne Corp.*, No. 01-31527-H4-7, 2006 WL 2405732 (Bankr. S.D. Tex. June 14, 2006), where the Court made the same conclusion after again determining the Bankruptcy Court was not familiar with the underlying facts. Here, these cases

are not controlling because as previously determined, the Bankruptcy Court has overseen Little River's bankruptcy and its related proceedings for two years.

Conversely, in cases involving a mixture of core and non-core proceedings, it is more efficient for the bankruptcy court to handle all pre-trial proceedings in the case. *In re Guynes Printing Co. of Texas, Inc.*, No. 15-CV-149-KC, 2015 WL 3824070, at *3 (W.D. Tex. June, 19, 2015). Here, the Court has already determined that this case, at the very least, involves a mixture of core and non-core proceedings. And in addition to finding that the Bankruptcy Court has become familiar with the underlying facts of this case, the Court concludes that this factor weighs against withdrawal.

### 5. Expediting the Bankruptcy Process

United correctly points out that the claims brought by the Trustee are state-law and statutory claims that do not require the special expertise of the Bankruptcy Court. ECF No. 1, pg. 32. However, this fact does not necessitate the conclusion that withdrawing the case at this juncture would expedite the bankruptcy process. As United concedes, the Bankruptcy Court oversaw the adjudication of similar claims made in the arbitration between Little River and Blue Cross Blue Shield of Texas. ECF No. 1, fn 11. Consequently, the Court finds that the Bankruptcy Court's familiarity with these claims renders it as the more efficient forum under this factor. *City Bank*, at *6.

### 6. Existence of a Jury Demand

In this case, the Trustee has demanded a jury trial but United has not consented to a trial conducted before the Bankruptcy Court. As a result, to the extent that the Trustee is entitled to have its claims adjudicated by a jury, the reference will have to be withdrawn sometime before trial. However, this Court may nevertheless delay the withdrawal of reference to allow the

9

Bankruptcy Court to preside over pre-trial matters. *In re Guynes Printing Co. of Texas, Inc.*, at *3.

### III. Conclusion

While Trustee's Complaint includes a mixture of "core" and "non-core" proceedings, the Court nevertheless concludes that the relevant factors weigh against withdrawing the reference. The Court believes that because it has presided over this dispute for over two years, the Bankruptcy Court is best suited to handle all pre-trial matters for this proceeding. *See In re Guynes Printing Co. of Texas, Inc.*, at *3. Therefore, United's Motion to Withdraw the Reference is hereby **DENIED**.

**SIGNED** this 7th day of June, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE